**FOUR PILLARS ENTERPRISES CO., LTD, Petitioner–Appellant,**

v.

**AVERY DENNISON CORPORATION, Respondent–Appellee.**

No. 01–55639.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted May 9, 2002.

Decided Oct. 24, 2002.

---

Robert L. Corbin, Corbin & Fitzgerald LLP, Los Angeles, CA; Daniel Marino, Reed Smith, LLP, Washington, DC; for the petitioner-appellant.

Dominic Surprenant, Patrick M. Shields, Quinn, Emanuel, Urquhart, Oliver & Hedges, LLP, Los Angeles, CA, for the respondent-appellee.

Before: LAY,* CANBY and PAEZ, Circuit Judges.

CANBY, Circuit Judge.

Appellant Four Pillars Enterprises Co., Ltd., a Taiwanese corporation, applied to the district court for a discovery order pursuant to 28 U.S.C. § 1782, which authorizes the district court to order the production of documents or testimony for use in litigation in foreign courts.[1] Four Pillars sought various documents and depositions from Avery Dennison Corporation for use in civil cases that Four Pillars was pursuing against Avery Dennison in the courts of the People's Republic of China and in the Republic of China—Taiwan. A magistrate judge granted Four Pillars the right to serve three of its document requests, but denied all the remaining requests. Four Pillars sought reconsideration, which was denied by the district court. Four Pillars now appeals. We affirm the orders of the magistrate judge and district court.

## BACKGROUND

Both Four Pillars and Avery Dennison produce and sell adhesive tape and labels. Several years ago, they apparently considered a joint venture in Asia, but the relationship there-after became highly adversarial. As the court below noted, Four Pillar's request for documents "arises against the backdrop of nasty litigation between the parties concerning competing allegations of pilfered trade secrets." It is necessary to describe that litigation because a part of it supplied the reason for the magistrate judge's denial of most of Four Pillars' requests.

### The Earlier Litigation

In 1997, Avery Dennison sued Four Pillars in the Northern District of Ohio, alleging theft of trade secrets and violations of RICO[2] in a scheme whereby Four Pillars recruited one of Avery Dennison's employ-

---

* The Honorable Donald P. Lay, Senior United States Circuit Judge for the Eighth Circuit, sitting by designation.

1. Section 1782 provides, in pertinent part:

   (a) The district court of the district in which a person resides or is found may order him to give his testimony or statement or to produce a document or other thing for use in a proceeding in a foreign or international tribunal, including criminal investigations conducted before formal accusation. The order may be made pursuant to a letter rogatory issued, or request made, by a foreign or international tribunal or upon the application of any interested person and may direct that the testimony or statement be given, or the document or other thing produced, before a person appointed by the court .... To the extent that the order does not prescribe otherwise, the testimony or statement shall be taken, and the document or other thing produced, in accordance with the Federal Rules of Civil Procedure.

   28 U.S.C. § 1782(a).

2. The Racketeer Influenced and Corrupt Organizations Act, 18 U.S.C. §§ 1962, 1964(c).

ees to deliver trade secrets and other confidential material to Four Pillars. The scheme was discovered by the Federal Bureau of Investigation. About sixteen months later, Four Pillars initiated civil suits against Avery Dennison in the People's Republic of China and in the Republic of China—Taiwan, claiming that Avery Dennison had misappropriated Four Pillars' trade secrets.

While the civil suits were pending, a criminal prosecution was commenced in the Northern District of Ohio, and in 1999 Four Pillars and two of its employees were convicted of attempt and conspiracy to steal Avery Dennison's trade secrets, in violation of the Economic Espionage Act of 1996, 18 U.S.C. § 1832. The convictions were affirmed on appeal. *See United States v. Yang*, 281 F.3d 534 (6th Cir.2002).

Meanwhile, discovery went forward in Avery Dennison's civil case in the Northern District of Ohio. There the parties agreed to, and the district court entered, a protective order that plays a major part in the present appeal. The order provided, among other things, that confidential material produced by Avery Dennison could be used by Four Pillars only in the civil suit or the criminal proceeding in the Northern District of Ohio, and that Four Pillars could not remove any of the material from the United States.

The civil action came to an end in February 2000, when the jury found in favor of Avery Dennison on trade secrets, RICO and related claims. The jury awarded $80 million in damages against Four Pillars.

*Four Pillars' Requests for Production Pursuant to 28 U.S.C. § 1782*

In January 2000, Four Pillars sought the assistance of the District Court for the Central District of California, under 28 U.S.C. § 1782, to compel Avery Dennison to produce certain documents for use in Four Pillars' suits in the Chinese and Tai-

wanese courts. The magistrate judge denied the request in June 2000. The judge ruled that the requested documents had been produced by Avery Dennison in the Ohio civil litigation and were subject to that court's protective order. In deference to that order, and in the exercise of his discretion, the magistrate judge denied the request.

Four Pillars moved for reconsideration on the ground that Avery Dennison had made an insufficient showing that it had produced all of the requested material in the Ohio litigation. The magistrate judge denied reconsideration, and Four Pillars did not appeal either the original denial or the denial of reconsideration.

While the above motion for reconsideration was pending, Four Pillars returned to the District Court for the Northern District of Ohio and moved to modify the protective order to allow the requested discovery for Chinese and Taiwanese litigation. The district court denied the motion, reasoning that Four Pillars' proven misconduct and Avery Dennison's interest in maintaining the confidentiality of the documents out-weighed Four Pillars' interest in using the documents in the foreign lawsuits. Four Pillars did not appeal this ruling.

Four Pillars subsequently returned to the Central District of California and filed what it termed a "Supplemental Petition for Judicial Assistance" under 28 U.S.C. § 1782, which is the subject of this appeal. The magistrate judge noted that the petition did not actually supplement any prior petition, and accordingly treated the application as a new proceeding. The magistrate judge found that many of the requested documents and nearly all of the requested deposition testimony had been produced in the Ohio litigation and were still subject to the protective order. Other

requests essentially repeated the requests that were denied in the previous application, the denial of which had become final. The magistrate judge found, however, that requests for three categories of documents could be served because it was not clear that the material had been produced in the Ohio litigation or that the requests repeated requests denied in the previous application under 28 U.S.C. § 1782.

Four Pillars moved for reconsideration, which was denied in a brief order by the Chief Judge of the Central District. Four Pillars then filed this appeal.

## STANDARD OF REVIEW

■ We review the district court's decision under 28 U.S.C. § 1782 for abuse of discretion. *United States v. Sealed 1, Letter of Request for Legal Assistance from the Deputy Prosecutor Gen. of the Russian Fed'n*, 235 F.3d 1200, 1206 (9th Cir. 2000).

## DISCUSSION

■■ The magistrate judge did not abuse his discretion in denying much of the relief sought by Four Pillars pursuant to 28 U.S.C. § 1782. Congress gave the federal district courts broad discretion to determine whether, and to what extent, to honor a request for assistance under 28 U.S.C. § 1782. *Sealed 1*, 235 F.3d at 1206 (finding that the fact that a district court is statutorily authorized to grant requests for formal assistance to foreign tribunals does not mean that the district court must exercise its discretion to grant such assistance); *see also In re Request for Assistance from Ministry of Legal Affairs of Trin. & Tobago*, 848 F.2d 1151, 1154 (11th Cir.1988) ("Congress has given the district courts broad discretion in granting judicial assistance to foreign countries.").

*The Protective Order*

With regard to several categories of requested documents or deposition testimony, the magistrate judge determined that those documents or that testimony had been produced in the Ohio litigation. Four Pillars contends that the showing by Avery Dennison was insufficient to establish that fact, but the magistrate judge reviewed the declarations and did not err in finding that the material had been produced in the Northern District of Ohio. With regard to the deposition testimony, the magistrate judge considered not only the similarity or identity of requests for deposition testimony, but also a declaration submitted by Avery Dennison concerning the scope of the deposition testimony in the Ohio proceeding. On the whole record, we conclude that the magistrate judge acted within his discretion in finding nearly all of the deposition testimony requested to have been produced in the Ohio litigation.

Because the documents and deposition testimony were produced in the Ohio litigation, and concern confidential material, there is little question that they were subject to that court's protective order. Four Pillars vigorously contends that the protective order should have no effect outside of the Ohio litigation, and that it should not affect a request for discovery for use in different litigation in China and Taiwan. The magistrate judge, however, was not announcing a rigid rule that a protective order of its own force precludes subsequent discovery under § 1782. It may readily be agreed that discovery in one lawsuit that is subject to a protective order may not necessarily, or even often, preclude discovery in a subsequent lawsuit (with or without a protective order issued by the new court). But the magistrate judge in granting some of the relief requested by Four Pillars and denying the rest, was exercising the broad discretion

traditionally conferred upon the trial courts in such discovery matters. "Section 1782 grants district courts wide discretion ... to tailor such discovery to avoid attendant problems .... If a district court is concerned that granting discovery under § 1782 will engender problems in a particular case, it is well-equipped to determine the scope and duration of that discovery." *Esses v. Hanania (In re Application of Esses),* 101 F.3d 873, 876 (2d Cir.1996).

Here the magistrate was presented with a set of special circumstances that he was entitled to take into account. Avery Dennison had produced extensive confidential and trade-secret material in the Ohio civil litigation over the theft of such secrets. The litigation ended in a verdict finding that Four Pillars had stolen secrets. In addition, Four Pillars had been criminally convicted of attempt and conspiracy to steal Avery Dennison's secrets. The purpose of the Ohio protective order was to prevent misuse of the confidential material, including its use against Avery Dennison in retaliatory litigation. Faced with this unusual and unequivocal scenario, the magistrate judge did not abuse his discretion in concluding that a discovery order for this material under § 1782 would improperly frustrate the order of the District Court for the Northern District of Ohio.

It is also worth noting that the magistrate judge made the same ruling regarding the effect of the protective order when he denied Four Pillars' first application for relief under § 1782. That order was not appealed. Four Pillars sought a modification of the protective order, but that modification was denied and, again, Four Pillars did not appeal. The magistrate judge was not dealing with a fresh issue when he once again ruled that he would not grant discovery that would frustrate or defeat the Ohio protective order.

In light of all of the circumstances, we conclude that the district court did not abuse its discretion in denying Four Pillars' requests on the ground that they would frustrate or violate the Ohio protective order.

*Finality of Previous Denial of Relief under § 1782*

The magistrate judge also denied requests for categories of documents that duplicated Four Pillars' requests in its prior application under § 1782. Four Pillars contends that the requests were not duplicative, but we agree with the analysis of the magistrate judge that Four Pillars was seeking essentially the same material in several requests in its "Supplemental Application." As the magistrate judge observed, the new requests were reworded, but "sufficiently close that the rule of finality would have little meaning if it could be avoided by simply tweaking the request."

Although Four Pillars unsuccessfully sought reconsideration of the prior denial by the magistrate judge, it did not appeal denial of the request or denial of reconsideration. That ruling is final and the requests that it denied may not now be successfully repeated.

*Limitation of Discovery to Documents in the United States*

The magistrate judge denied Four Pillars requests for documents that Avery Dennison possessed in Asia, observing that he did "not view the purpose of § 1782 as encompassing the discovery of material located in foreign countries." There is some support for the magistrate judge's view. *See Chase Manhattan Corp. v. Sarrio S.A.,* 119 F.3d 143, 147 (2d Cir.1997) (noting persuasiveness of district court's view that Congress intended § 1782 to reach only evidence located in the United States). We ourselves have described § 1782 as legislation "which permits domestic discovery for use in foreign proceedings," but we

did not rule on any attempted discovery outside the United States. *Advanced Micro Devices, Inc. v. Intel Corp.*, 292 F.3d 664, 665 (9th Cir.2002).

We need not rule, however, on the question whether § 1782 can ever support discovery of materials outside the United States. In this case the responsive materials in issue were in China, where Four Pillars was pursuing civil litigation against Avery Dennison. The Chinese courts are well situated to determine whether such material is subject to discovery, and in what manner. In the absence of any showing that Avery Dennison was evading § 1782 by spiriting materials out of the United States, we find no error in the magistrate judge's denial of discovery of materials in Asia.

*Deposition Testimony Concerning Searches for Responsive Materials*

In addition to the deposition requests that the magistrate judge found covered by the protective order, Four Pillars requested testimony regarding Avery Dennison's efforts "to gather and search for documents responsive [to Four Pillars' requests] in its initial Petition for Discovery in this matter, and the response to the Supplemental Petitions [sic]." The magistrate judge quite properly denied the request insofar as it was directed to the initial application under § 1782, because the ruling on that application had become final. It was not an abuse of discretion for the magistrate judge to conclude that no useful purpose would be served by exploring Avery Dennison's search efforts in connection with that concluded proceeding.

With respect to Avery Dennison's efforts to search for materials responsive to the requests in the Supplemental Application, the district court denied the request without prejudice, stating that "[a]t the least it is premature, until the responses to Requests Nos. 1, 2 and 3 have played out."

Requests Nos. 1, 2 and 3 were the requests that the magistrate judge permitted to be served upon Avery Dennison. It was not an abuse of discretion for the magistrate judge, in managing the discovery requests, to decline to rule on a request for efforts made by Avery Dennison to discover responsive material when the discovery process was still under way.

*Materials Not Discoverable in the Foreign Court*

As an alternative ground for affirming the magistrate judge's denial of discovery, Avery Dennison contends that § 1782 does not permit the discovery of material that would not be discoverable under the rules of the foreign court for which the material is sought. This question, which has occasioned a divergence among the federal circuits, was recently resolved for this circuit by *Advanced Micro Devices*, 292 F.3d at 668–69. There we rejected any requirement of discoverability in the foreign tribunal. *Id.* The magistrate judge, who ruled before *Advanced Micro Devices* was decided, nicely anticipated the holding by rejecting the requirement of discoverability in the foreign tribunal.

## CONCLUSION

"The district courts are in the best position to review the details of [a § 1782] request and to determine whether judicial assistance is justified." *Sealed 1*, 235 F.3d at 1206. The magistrate judge did not abuse his broad discretion in fashioning very limited judicial assistance in response to Four Pillars' "Supplemental Application" for relief under § 1782. His rulings that most of the material had been produced in the Ohio litigation are supported by the record. His decision to deny discovery of those materials on the ground that discovery would frustrate the protective order of the Ohio federal court was, in

the entire context of this case, within his discretion. Also in the context of this case, the magistrate judge did not abuse his discretion in denying discovery of Avery Dennison's documents in Asia. The magistrate judge properly ruled that other requests of Four Pillars had been denied in prior proceedings that had become final. Finally, there was no abuse of discretion in denying deposition testimony regarding Avery Dennison's efforts to find responsive material with regard to the prior application, or the still-pending discovery.

For the same reasons that we have set forth in support of the magistrate judge's order, the Chief Judge of the district court did not abuse his discretion in denying reconsideration of that order. The orders of the magistrate judge and the Chief Judge are

**AFFIRMED.**