**FOR PUBLICATION**

# UNITED STATES COURT OF APPEALS
# FOR THE NINTH CIRCUIT

AKEBIA THERAPEUTICS, INC.,
*Petitioner-Appellee*,

v.

FIBROGEN, INC.,
*Respondent-Appellant*.

No. 15-15274

D.C. No.
3:14-mc-80294-JD

OPINION

Appeal from the United States District Court
for the Northern District of California
James Donato, District Judge, Presiding

Argued and Submitted
July 8, 2015—San Francisco, California

Filed July 16, 2015

Before: Susan P. Graber and Paul J. Watford, Circuit
Judges, and Paul L. Friedman,[*] District Judge.

Opinion by Judge Graber;
Concurrence by Judge Watford

---

   [*] The Honorable Paul L. Friedman, United States District Judge for the District of Columbia, sitting by designation.

## SUMMARY[**]

### Discovery

The panel affirmed the district court's order granting an ex parte application, filed by Akebia Therapeutics, Inc., pursuant to 28 U.S.C. § 1782, for discovery in aid of foreign proceedings.

Title 28 U.S.C. § 1782 permits any "interested person" to file an application in the district court requesting that the court order another person to produce testimony or documents for use "in a proceeding in a foreign or international tribunal."

FibroGen, Inc. is the owner of certain foreign patents. Akebia disputed the validity of FibroGen's European and Japanese patents, and initiated opposition proceedings in both the European Patent Office and the Japanese Patent Office. In its application to conduct discovery, Akebia sought permission to serve FibroGen with document and deposition subpoenas relating to the pending foreign proceedings.

The panel held that Akebia was an "interested person" seeking to invoke the discovery mechanism set forth under § 1782. The panel held that Akebia, which is a party to the foreign proceedings underlying this case, had a "reasonable interest" in obtaining judicial assistance, and therefore, could apply for judicial assistance pursuant to § 1782. The panel also held that Akebia demonstrated it had Article III standing

[**] This summary constitutes no part of the opinion of the court. It has been prepared by court staff for the convenience of the reader.

to invoke the power of a federal court where Akebia had an individualized, legally protected interest in receiving the information it sought, and it demonstrated an "injury in fact" caused by FibroGen's failure to disclose.

The panel held that both the European and Japanese Patent Offices were "foreign or international tribunal[s]" within the meaning of § 1782. The panel also held that the scope of discovery permissible under § 1782 was not limited by certain later-enacted provisions of the Leahy-Smith America Invents Act. Finally, the panel held that the district court was not required to address explicitly every factor or argument, and the district court properly exercised its discretion in granting the application.

Judge Watford concurred, joining the opinion in full, except for the paragraph addressing Article III standing.

---

## COUNSEL

Philip L. Hirschhorn (argued), Buchanan Ingersoll & Rooney PC, New York, New York; S. Lloyd Smith, Todd R. Walters, Buchanan Ingersoll & Rooney PC, Alexandria, Virginia; Steven A. Ellis, Goodwin Procter LLP, Los Angeles, California, for Respondent-Appellant.

Lawrence D. Rosenberg (argued), Jones Day, Washington, D.C.; Gregory Louis Lippetz, Jones Day, Palo Alto, California; J. Patrick Elsevier, Jones Day, San Diego, California, for Petitioner-Appellee.

---

**OPINION**

GRABER, Circuit Judge:

Respondent FibroGen, Inc., appeals the district court's order granting an ex parte application, filed by Petitioner Akebia Therapeutics, Inc., pursuant to 28 U.S.C. § 1782, for discovery in aid of foreign proceedings. The district court held, among other things, that Akebia was an "interested person" within the meaning of § 1782 and that the Japanese and European Patent Offices are "tribunals" to which § 1782 applies. It therefore granted Akebia's application. Reviewing the district court's decision for abuse of discretion, *Four Pillars Enters. Co. v. Avery Dennison Corp.*, 308 F.3d 1075, 1078 (9th Cir. 2002), we affirm.

FibroGen is a biotechnology company based in San Francisco, California. It is the owner of certain foreign patents, two of which are relevant to this appeal: European Patent No. EP 1 463 823 and Japanese Patent No. 4804131. Both patents concern the use of various chemical compounds in treating anemia. Akebia, a biopharmaceutical company that develops products using similar chemical compounds, disputes the validity of FibroGen's European and Japanese patents and, accordingly, has initiated opposition proceedings in both the European Patent Office and the Japanese Patent Office. Neither Office has established procedures through which Akebia may seek discovery of potentially relevant information located in the United States for use in those foreign proceedings.

Pursuant to 28 U.S.C. § 1782, Akebia filed, in the United States District Court for the Northern District of California, an application to conduct discovery in aid of foreign

proceedings. Specifically, Akebia sought permission to serve FibroGen with document and deposition subpoenas relating to the pending foreign proceedings and relating to "additional foreign adversarial proceedings being contemplated by Akebia." The district court granted Akebia's application but imposed a restrictive protective order because of the confidential nature of the information sought. FibroGen timely appeals.

Title 28 U.S.C. § 1782 permits any "interested person" to file an application in the district court requesting that the court order another person to produce testimony or documents for use "in a proceeding in a foreign or international tribunal." The statute's purpose is twofold: to "provid[e] efficient assistance to participants in international litigation" and to "encourag[e] foreign countries by example to provide similar assistance to our courts." *Intel Corp. v. Advanced Micro Devices, Inc.*, 542 U.S. 241, 252 (2004) (internal quotation marks omitted). In this appeal, FibroGen argues that (1) Akebia is not an "interested person" within the meaning of § 1782, (2) neither the European Patent Office nor the Japanese Patent Office is a "tribunal" to which § 1782 applies, (3) the scope of discovery permissible under § 1782 is limited by certain later-enacted provisions of the Leahy-Smith America Invents Act ("AIA"), and (4) the district court abused its discretion by failing to consider certain factors in its decision to order discovery. We address each of those arguments in turn.

1.  *"Interested Person" and Standing*

An "interested person" seeking to invoke the discovery mechanism set forth under § 1782 may include "'not only litigants before foreign or international tribunals, but also

foreign and international officials as well as any other person whether he be designated by foreign law or international convention or merely possess a reasonable interest in obtaining [judicial] assistance.'" *Intel*, 542 U.S. at 256–57 (quoting Hans Smit, *International Litigation Under the United States Code*, 65 Colum. L. Rev. 1015, 1027 (1965)). Akebia is a party to the foreign proceedings underlying this case; indeed, it is the entity that seeks to invalidate FibroGen's European and Japanese patents because of their potential effect on the nature of the products that Akebia develops. Accordingly, Akebia has a "reasonable interest" in obtaining judicial assistance and, therefore, may apply for judicial assistance pursuant to § 1782.

Because Akebia seeks to invoke the power of a federal court, it also must demonstrate that it has standing to do so under Article III. *See Vivid Entm't, LLC v. Fielding*, 774 F.3d 566, 573 (9th Cir. 2014) (noting that "'any person *invoking* the power of a federal court must demonstrate standing to do so'" (quoting *Hollingsworth v. Perry*, 133 S. Ct. 2652, 2661 (2013))). FibroGen contends that Akebia lacks standing because it cannot show an individualized, legally protected interest. But Akebia has an interest in receiving the information that it seeks, and it has a statutory right, as an "interested person" under § 1782, to receive that information. It has demonstrated an "injury in fact," caused by FibroGen's failure to disclose, which suffices to satisfy Article III. *See Fed. Elections Comm'n v. Akins*, 524 U.S. 11, 21 (1998) (noting that a person generally suffers an injury in fact when that person fails to obtain information that, pursuant to a statute, must be disclosed (citing *Pub. Citizen v. U.S. Dep't of Justice*, 491 U.S. 440, 449 (1989))).

### 2.  *Foreign or International "Tribunal"*

FibroGen's second argument pertains to the meaning of the word "tribunal" as it is used in § 1782.  Specifically, FibroGen argues, because the proceedings in the European and Japanese Patent Offices are not court proceedings and "do not resemble civil trials," those entities cannot be considered "tribunals" to which § 1782 applies.  We disagree.

A "proceeding in a foreign or international tribunal" within the meaning of § 1782 "'is not confined to proceedings before conventional courts,' but extends also to 'administrative and quasi-judicial proceedings.'"  *Intel*, 542 U.S. at 249 (quoting S. Rep. No. 1580, at 7 (1964)).  Both of the foreign patent offices here conduct quasi-judicial proceedings.  Those proceedings take place within the agency but carry many of the hallmarks of traditional judicial proceedings:  serving as first-instance decision-makers tasked with resolving patent validity disputes, *id.* at 257, collecting and reviewing evidence in order to resolve those disputes, and permitting their decisions to be appealed and become subject to further review.  Just as in *Intel*, we see "no warrant [for this court] to exclude" the foreign proceedings here from the ambit of § 1782.  *Id.* at 258; *see also id.* ("The term 'tribunal' includes investigating magistrates, administrative and arbitral tribunals, and quasi-judicial agencies, as well as conventional civil, commercial, criminal, and administrative courts.'" (alterations omitted) (quoting Smit, 65 Colum. L. Rev. at 1026 n.71)).

### 3.  *Leahy-Smith America Invents Act*

FibroGen next argues that the scope of § 1782 should be construed together with the provisions of the later-enacted

AIA, which amended the Lanham Act to provide for, among other things, post-grant review proceedings in the U.S. Patent & Trademark Office ("USPTO"). *See* Leahy-Smith America Invents Act, Pub. L. No. 112-29, 125 Stat. 284 (2011). FibroGen views Congress' decision to enact those provisions of the AIA, which it believes "severely limit discovery for U.S. patent proceedings" in the USPTO, to signal a congressional intent to limit the scope of discovery permissible in proceedings worldwide. Thus, according to FibroGen, reading § 1782 to permit discovery in these foreign proceedings would conflict—in text, structure, and purpose—with the current state of patent law.

FibroGen overstates the tension, if any, that exists between § 1782 and the AIA. Section 1782 applies to any "proceeding in a foreign or international tribunal," including a criminal proceeding. It does not exclude patent proceedings, and it makes no mention of proceedings in United States courts. As noted above, the statute has two broad purposes: (1) to assist participants in international litigation, and (2) to encourage foreign countries to provide similar assistance to litigation in the United States. *Intel*, 542 U.S. at 252. Neither of those purposes affects domestic proceedings in the USPTO.

The AIA, by contrast, is far more limited. It revised existing "inter partes review" proceedings and created an entirely new administrative proceeding titled "post-grant review," available for certain patent claims upon a certain threshold showing of merit. *See* AIA, 125 Stat. at 299, 306. Although it limits discovery with respect to the former, it permits discovery of any "evidence directly related to factual assertions advanced by either party" in a post-grant review proceeding. 125 Stat. at 308. The AIA applies only to

proceedings conducted in the United States, making no mention of foreign proceedings.

We see no apparent conflict, and certainly not an "irreconcilable" one, between § 1782 and the AIA. *See Morton v. Mancari*, 417 U.S. 535, 551 (1974) (requiring an "irreconcilable conflict" to justify a repeal by implication and noting that the "intention of the legislature to repeal 'must be clear and manifest'" (quoting *United States v. Borden Co.*, 308 U.S. 188, 198 (1939))). We therefore hesitate to read into the AIA any intent to impliedly repeal, or limit the scope of, an unrelated statutory provision. *See id.* The district court properly applied § 1782 to the foreign patent office proceedings underlying this case.

### 4. *District Court's Exercise of Discretion*

Finally, FibroGen contends that the district court abused its discretion by giving "short shrift" to the nonexclusive factors that the Supreme Court set forth in *Intel*, and to "other factors, such as the effect broad discovery in patent proceedings would have in the United States contrary to the express intent of Congress." We are not persuaded. It is clear from the transcript that the district court considered the nature of the foreign proceedings, the receptivity of the foreign government to discovery, the nature of foreign proof-gathering restrictions, and the intrusive nature of the requested production, in granting Akebia's request. *See Intel*, 542 U.S. at 264–65 (noting that courts should consider those factors in ruling on a § 1782 application). The court rejected, with some discussion, FibroGen's argument that the application was overly burdensome and not narrowly tailored. *See id.* at 265. It recognized the highly confidential nature of

the information that Akebia seeks to obtain and entered a restrictive protective order to guard against disclosure.

The district court was not required to address explicitly every factor or argument, nor was it required to issue a written order. *See United States v. Sealed 1*, 235 F.3d 1200, 1206 (9th Cir. 2000) (noting the broad discretion afforded the district courts under § 1782 and the lack of specific guidance with which to exercise that discretion). The district court properly exercised its discretion in granting the application.

In summary, the district court permissibly granted Akebia's application for discovery in aid of a foreign proceeding. Both the European Patent Office and the Japanese Patent Office are "tribunals" within the meaning of 28 U.S.C. § 1782, and Akebia, as the party challenging the validity of the foreign patents, is an "interested person" that is allowed to seek judicial assistance.

**AFFIRMED.**

WATFORD, Circuit Judge, concurring:

I join the opinion in full, except for the paragraph addressing Article III standing.