**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

MAY 3 2017

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| STEVEN INGRAM, an individual, | No. 15-16069 |
| Plaintiff-Appellant, | D.C. No. 3:12-cv-02777-JST |
| v. | |
| PACIFIC GAS & ELECTRIC COMPANY and PG&E CORPORATION, | MEMORANDUM [*] |
| Defendants-Appellees. | |

Appeal from the United States District Court
for the Northern District of California
Jon S. Tigar, District Judge, Presiding

Argued and Submitted April 17, 2017
San Francisco, California

Before: FERNANDEZ and MURGUIA, Circuit Judges, and CURIEL,[**] District
Judge.

Plaintiff-appellant Steven Ingram ("Ingram") appeals the district court's

order granting summary judgment in favor of defendants-appellees Pacific Gas &

Electric Company and PG&E Corporation ("PG&E"). Ingram, an African

---

[*] This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

[**] The Honorable Gonzalo P. Curiel, United States District Judge for the
Southern District of California, sitting by designation.

American electrician and former PG&E employee, alleged that PG&E terminated his employment because of his race, in violation Title VII of the Civil Rights Act of 1964. Title VII makes it unlawful for an employer "to discharge any individual, or otherwise to discriminate against any individual . . . because of such individual's race." 42 U.S.C. § 2000e-2(a)(1). The district court concluded that Ingram failed to establish a prima facie case of racial discrimination because Ingram provided insufficient evidence that he had performed his job duties satisfactorily and that similarly situated non-African Americans were treated more favorably. We have jurisdiction pursuant to 28 U.S.C. § 1291, and we affirm.[1]

1. We review a district court's grant of summary judgment *de novo*. *Sierra Club v. BLM*, 786 F.3d 1219, 1223 (9th Cir. 2015). Title VII race discrimination claims are analyzed under the three-step framework set forth in *McDonnell Douglas Corp. v. Green*, 411 U.S. 792 (1973). Under step one of the *McDonnell Douglas* framework, Ingram bears the burden of proving a *prima facie* case of race discrimination. *Id.* at 802. To establish a prima facie case of race discrimination, Ingram must offer proof that (1) he belongs to a protected class; (2) he performed his job duties satisfactorily; (3) he was subjected to an adverse employment action; and (4) similarly situated individuals who do not belong to the same protected class

---

[1] Ingram's motion to file documents under seal is granted. The documents, as described by Ingram, have no bearing on the outcome of this case.

2

were treated more favorably than he was. *Cornwell v. Electra Cent. Credit Union*, 439 F.3d 1018, 1028 (9th Cir. 2006). "The requisite degree of proof necessary to establish a prima facie case for Title VII . . . on summary judgment is *minimal* and does not even need to rise to the level of a preponderance of the evidence." *Aragon v. Republic Silver State Disposal, Inc.*, 292 F.3d 654, 659 (9th Cir. 2002) (quotation omitted).

We conclude that Ingram failed to meet his burden of providing minimal evidence that he was performing his job satisfactorily.[2] The evidence demonstrates that Ingram, over the course of several years, committed multiple switching errors that caused significant power outages; violated PG&E's driving policy by failing to promptly report changes in his driver's license status to his supervisor, including after he was arrested for driving under the influence; and drove a company vehicle after he had learned that his license was expired and suspended. On May 17, 2011, Ingram again drove a company vehicle after being specifically directed to not drive any company vehicles. That same day, Ingram committed another significant switching error. The error caused an alarm to trip and a distribution operator immediately called Ingram, who informed the operator that he would investigate

[2] The district court appeared to apply a "substantial evidence" standard at the prima facie stage. But Ingram need only provide "minimal" evidence at the prima facie stage. *Aragon*, 292 F.3d at 659. Though the district court may have conflated the two standards, we conclude that summary judgment was appropriate even under the proper minimal evidence standard.

3

and call him back. Rather than calling back, Ingram opened a switch without first obtaining approval, which caused a power outage and damaged Ingram's eyes and PG&E's equipment. On this record, we find that no reasonable jury could conclude that Ingram performed his job duties satisfactorily. *See Cornwell*, 439 F.3d at 1028.

Moreover, Ingram has failed to identify a similarly situated non-African American employee who was treated more favorably. *Id.* "In order to show that the employees allegedly receiving more favorable treatment are similarly situated . . ., the individuals seeking relief must demonstrate, at the least, that they are similarly situated to those employees in all material respects." *Moran v. Selig*, 447 F.3d 748, 755 (9th Cir. 2006) (quotation marks omitted). PG&E identified two reasons for Ingram's termination: the May 17 switching error and the fact that Ingram continued to drive without a valid license even after he was directed not to. Ingram must therefore identify an individual who suffers from a similar disciplinary history. *Id.* Though Ingram can identify individuals with a relatively similar history of switching errors or with a relatively similar history of driving violations, he is unable to identify an individual who shares the combination of his switching errors and driving violations. No reasonable jury could conclude that Ingram identified a similarly situated non-African American who was treated more favorably than Ingram. *See Cornwell*, 439 F.3d at 1028.

4

2. Ingram argues that the district court erred by denying his request for an adverse inference instruction. A district court's refusal to give an adverse inference instruction is reviewed for abuse of discretion. *United States v. Fries*, 781 F.3d 1137, 1146 (9th Cir. 2015). Since adverse inference instructions are provided to juries at the conclusion of a trial, the district court did not abuse its discretion by denying Ingram's request for an adverse inference at the summary judgment stage of these proceedings. *Id.* at 1152.

**AFFIRMED.**