**NOT FOR PUBLICATION**

DEC 12 2017

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| NIKON CORPORATION, | No. 17-17148 |
| Petitioner-Appellee, | D.C. No. 5:17-mc-80071-BLF |
| v. | |
| GLOBALFOUNDRIES U.S., INC., | MEMORANDUM[*] |
| Respondent-Appellant. | |

Appeal from the United States District Court
for the Northern District of California
Beth Labson Freeman, District Judge, Presiding

Argued and Submitted December 7, 2017
San Francisco, California

Before:  GRABER and N.R. SMITH, Circuit Judges, and SIMON,[**] District Judge.

GlobalFoundries U.S., Inc., timely appeals the district court's order, in

response to a request by Nikon Corporation pursuant to 28 U.S.C. § 1782(a),

requiring GlobalFoundries to produce documents and other information.

Reviewing the magistrate judge's decision for abuse of discretion, Four Pillars

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]     The Honorable Michael H. Simon, United States District Judge for the District of Oregon, sitting by designation.

Enters. Co. v. Avery Dennison Corp., 308 F.3d 1075, 1078 (9th Cir. 2002), we affirm.

The statutory requirements for discovery indisputably are met. The district court carefully considered the factors described by the Supreme Court in Intel Corp. v. Advanced Micro Devices, Inc., 542 U.S. 241, 264 (2004). On this record, we cannot conclude that the court abused its "broad discretion" in ordering discovery limited to documents physically located within the United States. Akebia Therapeutics, Inc. v. FibroGen, Inc., 793 F.3d 1108, 1112 (9th Cir. 2015).

For example, even for the documents located both in the United States and abroad, the second Intel factor is met because Nikon's experts stated, in unrebutted declarations, that the foreign tribunals would welcome the discoverable evidence. Similarly, we are unpersuaded that the discovery order imposes an undue burden on GlobalFoundries, the fourth Intel factor. We note that the magistrate judge ordered Nikon to pay GlobalFoundries' reasonable out-of-pocket discovery expenses. Even if an alternative weighing of the factors were reasonable, the district court's decision was not "(1) illogical, (2) implausible, or (3) without support in inferences that may be drawn from the facts in the record." Mujica v. AirScan Inc., 771 F.3d 580, 589 (9th Cir. 2014) (internal quotation marks omitted). Moreover, no bright-line rule exists in the statute, Supreme Court law, or our

precedents—and we decline to create one—to the effect that discovery must be denied for the sole reason that the same items are found in another country.

**AFFIRMED.**