NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

DEC 13 2021

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| In re:  IN THE MATTER OF THE APPLICATION OF LUFTHANSA TECHNIK AG, PETITIONER, FOR AN ORDER PURSUANT TO 28 U.S.C. 1782 TO TAKE DISCOVERY, PURSUANT TO THE FEDERAL RULES OF CIVIL PROCEDURE, OF RESPONDENT, | No.    20-56293 D.C. No. 8:19-mc-00016-JVS-KES |
| LUFTHANSA TECHNIK AG,             Petitioner-Appellant,   v.  THALES AVIONICS, INC.,             Respondent-Appellee, | MEMORANDUM* |
| ASTRONICS ADVANCED ELECTRONIC SYSTEMS CORP.,             Intervenor. | |

Appeal from the United States District Court
for the Central District of California
James V. Selna, District Judge, Presiding

_____

\*     This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

Argued and Submitted November 16, 2021
San Francisco, California

Before:  THOMAS and McKEOWN, Circuit Judges, and RESTANI,** Judge.

Lufthansa Technik AG ("Lufthansa") appeals the district court and magistrate judge's denial of its motion to compel discovery against Thales Avionics, Inc. ("Thales") pursuant to a subpoena under 28 U.S.C. § 1782.  Because the parties are familiar with the facts, we do not recount them here, except as necessary to provide context to our ruling.  We have jurisdiction under 28 U.S.C. § 1291, and we affirm the district court's decision.

We review a district court's order concerning the scope of discovery in § 1782 proceedings for abuse of discretion.  *See Four Pillars Enters. v. Avery Dennison Corp.*, 308 F.3d 1075, 1078 (9th Cir. 2002).  Further, we review a magistrate judge's factual findings adopted by a district court for clear error.  *United States v. Ruiz-Gaxiola*, 623 F.3d 684, 693 n.4 (9th Cir. 2010) (citing *Wildman v. Johnson*, 261 F.3d 832, 836 (9th Cir. 2001)).  Here, the district court did not abuse its discretion in upholding the magistrate judge's factual findings in three categories.

First, the magistrate judge found that the parties entered into an agreement to

---

**        The Honorable Jane A. Restani, Judge for the United States Court of International Trade, sitting by designation.

2

narrow the scope of discovery. The magistrate judge found that the parties agreed to a discovery process whereby Thales created spreadsheets of relevant purchase and sales data in lieu of producing the underlying documents, supplemented with Rule 30(b)(6) deponents for specified topics. On this record the district court did not abuse its discretion in upholding: 1) the magistrate judge's factual determination that the parties entered an agreement, and 2) that the purchase and sales data provided was responsive under such an agreement. *See Wildman*, 261 F.3d at 836; *see also Four Pillars,* 308 F.3d at 1078.

Second, the magistrate judge found that Lufthansa's motion to compel production of Thales' contracts with third parties was overburdensome and largely irrelevant compared to the requirements of the case. Lufthansa failed to articulate clearly the need for such contracts. Thus, the district court did not abuse its discretion by affirming the magistrate judge's decision. *Four Pillars,* 308 F.3d at 1078.

Finally, the magistrate judge found that Thales provided three sufficiently prepared Rule 30(b)(6) deponents. *See* Fed. R. Civ. P. 30(b)(6). Further, the magistrate judge rejected Lufthansa's claim that it was wrongfully deprived of additional Rule 30(b)(6) deponents on certain topics. She found *inter alia* that the parties failed to schedule further witnesses. There was no clear error or abuse of discretion by the magistrate judge in concluding that Thales met its Rule 30(b)(6)

obligations and the district court did not abuse its discretion by adopting the magistrate judge's determination. *Cf. Facebook, Inc. v. Power Ventures, Inc.*, 844 F.3d 1058, 1070 (9th Cir. 2016); *see also Wildman*, 261 F.3d at 836; *Four Pillars,* 308 F.3d at 1078.

**AFFIRMED**.